# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**JAMES THOMAS PAYNE,**

 **Plaintiff,**

**v.**

**LILLIAM M. ALVAREZ-ORTIZ , et al.,**

**Defendants**.

**CIVIL NO. 16-2958 (GAG)**

## SUPPLEMENTAL OPINION AND ORDER

The Court hereby supplements its ruling in its order granting Defendant's motion to dismiss as to all official capacity claims to address Plaintiff's arguments in opposition. (Docket No. 24.)

Plaintiff James Thomas Payne, appearing pro se, responded in opposition to Defendant's Motion to Dismiss at Docket No. 22, arguing the Eleventh Amendment does not apply to the Commonwealth of Puerto Rico. (Docket No. 28).  Plaintiff posits that Puerto Rico is a "non-sovereign territory" of the United States and, that given Puerto Rico's "current political atmosphere," the sovereign immunity of the Eleventh Amendment of the Constitution of the United States does not shield it.  Id.  In support of this contention Plaintiff argues that the recent United States Supreme Court cases, <u>Puerto Rico v. Sanchez-Valle</u>, 136 S.Ct. 1863 (2016) and <u>Franklin California v. Commonwealth of Puerto Rico</u>, 136 S.Ct. 1938 (2016) "have eroded Puerto Rico's autonomy and especially, any claim to 'sovereignty.'"  (Docket No. 28 at 2.)

**Civil No. 16-2958 (GAG)**

In addition, Plaintiff references recent political developments concerning Puerto Rico, such as Congress' enactment of the "PROMESA Act" Pub. L. No. 114-187, 130 Stat. 549 (signed June 30, 2016), which led to the establishment of the Puerto Rico Fiscal Oversight Board.  Id.

The Court disagrees with Plaintiff's conclusive argument that the recent Supreme Court cases Sanchez-Valle and Franklin eroded Puerto Rico's sovereignty for purposes of the sovereign immunity of the Eleventh Amendment.

The First Circuit has repeatedly held that, despite Puerto Rico's lack of formal statehood, "[t]he principles of the Eleventh Amendment, which protect a state from suit without its consent, are fully applicable to the Commonwealth of Puerto Rico." Ezratty v. Com. of Puerto Rico, 648 F.2d 770, 777 n. 7 (1st Cir.1981).[1]   In fact, these principles have been extended to Puerto Rico long before the enactment of the Puerto Rican Federal Relations Act and the ratification of the Constitution of the Commonwealth of Puerto Rico in 1952. "[It has not been] open to controversy that, aside from the existence of some exception, the government which the organic act established in [Puerto Rico] is of such a nature as to come within the general rule exempting a government sovereign in its attributes from being sued without its consent." People of Porto Rico v. Rosaly y Castillo, 227 U.S. 270, 273 (1913); see also  Diaz Morales v. Commonwealth of Puerto Rico, Case No. 15-1096 GAG, 2015 WL 4742512, at *5 (D.P.R. Aug. 11, 2015).

---

[1] See, e.g., Consejo de Salud de la Comunidad de la Playa de Ponce, Inc. v. Gonzalez–Feliciano, 695 F.3d 83, 103 n. 15 (1st Cir.2012) ("This Circuit has consistently recognized that 'Puerto Rico enjoys the same immunity from suit that a State has under the Eleventh Amendment.'"); Igartúa v. United States, 626 F.3d 592, 598 (1st Cir. 2010) (noting that the "Eleventh Amendment restrictions on the jurisdiction of the federal courts have been extended to Puerto Rico"); Metcalf & Eddy, Inc. v. P.R. Aqueduct & Sewer Auth., 945 F.2d 10, 11 n. 1 (1st Cir. 1991) ("It is settled that Puerto Rico is to be treated as a state for Eleventh Amendment purposes."), rev'd on other grounds, 506 U.S. 139 (1993), remanded, 991 F.2d 935, 939 n. 3 (1st Cir.1993) ("We have consistently treated Puerto Rico as if it were a state for Eleventh Amendment purposes."). See also Diaz Morales, 2015 WL 4742512, at *5.

**Civil No. 16-2958 (GAG)**

As such, even under Plaintiff's premise concerning Puerto Rico's constitutional relationship with the United States given recent developments in the political arena, the Commonwealth of Puerto Rico is still immune from suit under the Eleventh Amendment.

**SO ORDERED.**

In San Juan, Puerto Rico this 12th day of January, 2017.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge